IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

EFFORT ALEXANDER                                                                PLAINTIFF

VS.                                                    CIVIL ACTION NO.: 3:16-cv-202-GHD-JMV

JIM HOOD, ATTORNEY GENERAL
FOR STATE OF MISSISSIPPI AND DESOTO COUNTY
SOIL AND WATER CONSERVATION DISTRICT                                    DEFENDANTS

## ORDER DENYING MOTION UNDER RULE 60(b) AND RULE 103 OF THE FEDERAL RULES OF CIVIL PROCEDURE

This matter is before the court on the *pro se* Plaintiff, Effort Alexander's, Motion Under Rule 60(b) and Rule 103 of the Federal Rules of Civil Procedure [31] regarding the court's order denying Plaintiff's motion to disqualify counsel that was entered on December 1, 2016 [24]. For the reasons explained below, the motion will be denied.

Motions to disqualify opposing counsel are generally "viewed with extreme caution for they can be misused as techniques of harassment." *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982); *In re Multi-Piece Rim Products Liability Litigation*, 612 F.2d 377, 378 (8th Cir. 1980), *overruled on other grounds by Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368 (1981). Because of the potential for abuse, disqualification motions are "generally disfavored" and subjected to "particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985); *Kent v. Scamardella*, 2007 WL 2012418, at*2 (S.D.N.Y. July 11, 2007); *see also Federal Dep. Ins. Corp. v. United States Fire Ins. Co.*, 50 F.3d 1304, 1316 (5th Cir. 1995) ("A disqualification inquiry, particularly when instigated by an opponent, presents a palpable risk of unfairly denying a party the counsel of his choosing."); *Kennedy v. Mind Print (In reProEducation Int'l, Inc.)*, 587 F.3d 296, 300 (5th Cir. 2009).

In support of his motion, Plaintiff alleges Mr. Lee Thames, counsel for the Defendants, has committed a fraud on the court and may be a witness in the case.[1]

**Fraud on the Court**

Though Plaintiff alleges that Mr. Thames has committed a fraud on the court, he wholly fails to state *any* facts concerning same, such a date(s) of occurrence and a description of specific complained of conduct – not simply conclusory allegations of fraud. Indeed, it appears that Plaintiff's complaint about Mr. Thames arises from the fact that in prior unsuccessful lawsuits brought by the Plaintiff, Mr. Thames was counsel for the successful party. This falls woefully short of grounds for disqualification.

**A Necessary Witness**

With respect to the allegation that Mr. Thames may be a necessary witness in the case, again the motion will be denied for lack of any facts alleged to support the conclusory assertion that Mr. Thames is a necessary witness in this case, including facts such as what claims Mr. Thames would offer relevant testimony on, etc.

**Conclusion**

For the reasons explained above, the motion will be **DENIED**. Plaintiff may re-urge his motion provided he offers specific facts to support his allegations.

**SO ORDERED** this, the 12th day of December, 2016.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff also alleges that the Defendants' response [21] was untimely and that the court failed to allow Plaintiff an opportunity to reply before ruling. Given that the court is reconsidering Plaintiff's motion to disqualify, that procedural flaw has been cured.