# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

EFFORT ALEXANDER                                                                                 PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:16-CV-202-MPM-JMV

JIM HOOD, ATTORNEY GENERAL FOR
STATE OF MISSISSIPPI AND DESOTO COUNTY
SOIL AND WATER CONSERVATION DISTRICT                                                            DEFENDANTS

## ORDER

This matter is before the court on the second motion [36] of the *pro se* Plaintiff, Effort Alexander, to reconsider the court's prior order denying his motion to disqualify Lee Davis Thames as defense counsel in this case [34]. Nothing asserted by Plaintiff in the instant motion – either arguments he has made unsuccessfully, on repeated prior occasions, or ones so lacking in any factual specificity as to be frivolous – warrants a different decision here.

In short, the Plaintiff argues that he was unsuccessful in two prior cases he filed in this court (*Alexander v. DeSoto County Soil and Water Conservation District*, No. 3:14-cv- 147-MPM-SAA, and *Alexander v. DeSoto County Soil and Water Conservation District et al.*, No. 3:15-cv-179-DMB-JMV) because Mr. Thames served as defense counsel in those cases and defrauded him and the court by misrepresenting the meaning or relevance, in some unspecified manner, of a maintenance agreement from the 1950s. The Plaintiff apparently fails to recognize that he was unsuccessful in his two prior lawsuits because, in the first case, the court ruled he had waited too long to bring suit.[1] *Alexander v. DeSoto County Soil and Water Conservation District*, No. 3:14-cv-147-MPM-SAA, Order Granting Summary Judgment [32], affirmed [40]. In the

---

[1] The *pro se* Plaintiff has actually filed a 3rd unsuccessful lawsuit concerning the same alleged wrongdoing. *Alexander v. DeSoto County, Mississippi et al.*, 3:14-cv-135-MPM-SAA. It too was dismissed based upon the statute of limitations and affirmed on appeal. Mr. Thames was not defense counsel in that case.

second case, *Alexander v. DeSoto County Soil and Water Conservation District et al.*, No. 3:15-cv-00179-DMB-JMV, the court found the prior decision on the statute of limitations was res judicata in the subsequent action. Order on Motion to Dismiss [37].

Further, as explained by separate order entered today, the court will not permit the proposed amendment of the pleadings to assert either the alleged, but woefully vague, claims of fraud against Mr. Thames or the more narrow allegations related to the aforementioned maintenance agreement. This latter claim is not only vague but is one Plaintiff has made unsuccessfully repeatedly on prior occasions.

In conclusion, there is no legitimate basis for disqualifying Mr. Thames. Accordingly, the motion [36] is denied.

**SO ORDERED** this, the 27th day of January, 2017.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**