IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

EFFORT ALEXANDER                                                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:16-cv-00202-GHD-JMV

JIM HOOD, Attorney General for State of
Mississippi, and DESOTO COUNTY SOIL
AND WATER CONSERVATION DISTRICT                                                     DEFENDANTS

## MEMORANDUM OPINION GRANTING
## DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

Presently before the Court is a motion to dismiss and/or for summary judgment [45] filed by Defendants Jim Hood, Attorney General for the State of Mississippi, and DeSoto County Soil and Water Conservation District. *Pro se* Plaintiff Effort Alexander has filed a response. Defendants have not filed a reply, and the time for doing so has now passed. The matter is now ripe for review. Upon due consideration, the Court finds the motion should be granted.

### I.     *Factual and Procedural Background*

On September 6, 2016, Plaintiff Effort Alexander ("Plaintiff"), proceeding *pro se*, filed a complaint [1] in the case *sub judice* against Defendants Jim Hood, Attorney General for the State of Mississippi, and DeSoto County Soil and Water Conservation District (collectively, "Defendants"). Plaintiff alleges that Defendants "engage in a pattern or practice of unlawful conduct through which they routinely and systematically obstructed justice and damaged the Plaintiff by violat[ing] Plaintiff's [c]onstitutional rights to freely and peacefully occupy and use his property"; Plaintiff alleges that these actions "deprive the Plaintiff from his property on an ongoing basis" in violation of the Fourteenth Amendment, its due process clause, and its equal protection clause. Pl.'s Compl. [1] ¶¶ 1, 10, 46–62. Specifically, Plaintiff alleges that Defendants have illegally obstructed and deprived Plaintiff of "his constitutional right to a fair

1

and just trial" and Defendants' alleged actions have led to "the trial results obtained from [Plaintiff's] previous complaints against [Defendants]." *Id.* ¶ 3. Plaintiff further alleges that Defendants have failed to comply with an easement agreement pertaining to the United States Department of Agriculture's "Project," and that this has resulted "in the Plaintiff's property being currently illegally occupied by the said project." *Id.* ¶ 4. Plaintiff also alleges that Defendants have violated Plaintiff's constitutional rights due to the Mississippi Attorney General's involvement as Defendants' counsel of record; he alleges that the State of Mississippi has "denie[d] Plaintiff's due process and equal protection guaranteed by [the] U.S. Constitution[] and right to a fair and impartial trial." *See id.* ¶¶ 4–9. Plaintiff also vaguely asserts he is alleging a "First Amendment" violation, *see id.* ¶ 13, but alleges no facts in support of such a claim.

Plaintiff alleges that he owns property in Horn Lake, Mississippi; he apparently purchased property previously owned by his brother at a tax sale, and his brother subsequently quitclaimed the property to him including "common areas within the Twin Lakes Subdivision." *Id.* ¶ 20. Plaintiff further alleges that at the time he purchased the property, the property "[was] shown to have two levees on it, serving to retain water that form each lake," each levee of which allegedly "confined waters" described in the DeSoto County property records as a lake of the Twin Lakes Subdivision in Horn Lake. *Id.* ¶ 21. Plaintiff alleges that Defendants have "purposefully[,] fraudulently mischaracterized [the] Ag Project on the Plaintiff['], property to defray the Plaintiff from obtain[ing] his right to peacefully and freely occupy and use his property . . . ." *Id.* ¶ 23.

On September 27, 2016, Defendants filed their answer and affirmative defenses [8], denying all of Plaintiff's factual allegations except his allegations as to the procedural history of

his prior cases. On January 19, 2017, Defendants filed the present motion to dismiss and/or for summary judgment [45].

## *II. Legal Standards*

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d).

This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* at 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate

3

'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). Where, as here, the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff. *See Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### *III. Analysis and Discussion*

Defendants argue in their motion that Plaintiff's claims should be dismissed on the following grounds: **(1)** the claims are untimely; **(2)** the claims are barred by *res judicata*; **(3)** the claims are barred by judicial estoppel; **(4)** the DeSoto County Soil and Water Conservation District is not a proper party as it has no interest in the subject property; **(5)** sovereign immunity and qualified immunity bar any and all official and/or individual-capacity claims against the Mississippi Attorney General; **(5)** Plaintiff failed to properly serve DeSoto County Soil and Water Conservation District with process; and **(6)** Plaintiff to provide the Mississippi Attorney General with the requisite 90-day notice of claim as required by Mississippi Code § 11-46-11(1). Because this Court finds the claims are barred by *res judicata*, it need not and does not address the other grounds for dismissal.

*Res judicata* "is comprised of two distinct but related doctrines: (1) true *res judicata* (or claim preclusion) and (2) collateral estoppel (or issue preclusion)." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 521 (5th Cir. 2016) (citing *Test Masters Educ. Servs. v. Singh*,

428 F.3d 559, 571 (5th Cir. 2005)). For *res judicata* to apply, four elements must be met: " '(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.' " *Id.* (quoting *Test Masters*, 428 F.3d at 571). All four elements are met in this case.

As argued by Defendants, the facts and claims in this case have been raised in at least two prior cases in the United States District Court for the Northern District of Mississippi.

On July 2, 2014, Plaintiff filed a suit styled *Effort Alexander v. DeSoto County Soil and Water Conservation District*, Civil Action No. 3:14-cv-00147-MPM-SAA. In that case, which presented the same set of alleged facts, Judge Michael P. Mills granted summary judgment to DeSoto County Soil and Water Conservation District on the ground that the claims were time-barred. Judge Mills cited Mississippi Code § 15-1-7, which requires that claims be brought within 10 years to recover land, as well as Mississippi Code § 11-46-11(3)(a), which requires that tort actions against state agencies be filed within one year, and Mississippi Code § 15-1-49, Mississippi's 3-year catch-all statute of limitations. Judge Mills stated that "[Plaintiff] knew by at least 1996 of any potential damage or claims to [his] property," but "did not bring an action until [18] years later. Mississippi's statutes of limitations now bar this claim." Ct.'s Order Granting Def.'s Mot. Summ. J. [32 in 3:14-cv-00147-MPM-SAA] at 1–2. Plaintiff appealed that ruling to the Fifth Circuit Court of Appeals, which subsequently affirmed Judge Mills in a one-word *per curiam* opinion. *See* USCA J. [40-1] at 1; *Alexander v. Desoto Cty. Soil & Water Conservation Dist.*, 616 F. App'x 156, 157 (5th Cir. 2015) (per curiam).

Subsequently, on October 22, 2015, Plaintiff filed another suit, *Effort Alexander v. DeSoto County Soil and Water Conservation District et al.*, Civil Action No. 3:15-cv-00179-

DMB-JMV, with identically alleged facts. In that case, Judge Debra M. Brown held that *res judicata* barred the action based on the earlier case.

Now, in the present action, Plaintiff attempts to bring the same case again. Judge Brown's thorough and well reasoned opinion on *res judicata* is relied on by the Court in this proceeding. As in the prior two cases, Plaintiff sues Defendant DeSoto County Soil and Water Conservation District. Thus, the identity of parties requirement of *res judicata* is met. Second, the United States District Court for the Northern District of Mississippi and the Fifth Circuit Court of Appeals are courts of competent jurisdiction over the matter. Third, Judge Mills' decision in the first case to dismiss the action with prejudice due to the expired statutes of limitations was a final judgment on the merits. Fourth, the case *sub judice* and the prior two cases include facts that are part of the "same transaction or series of transactions, which arise from the same nucleus of operative facts." *See Davis v. Dall. Area Rapid Transit.*, 383 F.3d 309, 313 (5th Cir. 2004). Plaintiff alleges ongoing wrongful conduct, as he did in the case before Judge Brown. However, the transactional test is still met, as the alleged facts in all three cases concern Defendants' alleged conduct with respect to the easements and covenants in the Twin Lakes Subdivision and Defendants' alleged actions in asserting that Plaintiff was responsible for the project. Finally, the claims could or should have been brought in the first action. From Plaintiff's factual allegations in all three cases, it is clear that Plaintiff had notice of the facts giving rise to these claims at the time of the first case and that the Section 1983 claims could have been ruled on by that Court. Based on all of the foregoing, *res judicata* bars Plaintiff's case, and the same must be dismissed.

## IV. Conclusion

In sum, for all of the foregoing reasons, Defendants' motion to dismiss and/or for summary judgment [45] is GRANTED; Plaintiff's motions to appeal Magistrate Judge's decision concerning the issuance of a stay in this case [62 & 63] are DENIED AS MOOT; all claims are DISMISSED on *res judicata* grounds; and this case is CLOSED.

An order in accordance with this opinion shall issue this day.

THIS, the 16th day of August, 2017.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE